**In re Alice Z. GIRE aka Fiesta Manor Hotel, Debtor.**

**Bankruptcy No. 288–00269–C–11.**

United States Bankruptcy Court, E.D. California.

Sept. 29, 1989.

Cindy Lee Hill, Law Offices of Melvyn J. CoBen, Sacramento, Cal., for debtor.

Judith Hotze, Office of U.S. Trustee, Sacramento, Cal., for U.S. Trustee.

Edward M. Wolkowitz, Robinson, Diamont, Brill & Klausner, Century City, Cal., for trustee, Marathon Home Loans.

## AMENDED MEMORANDUM ON MOTION FOR PAYMENT OF COSTS AND EXPENSES PURSUANT TO 11 U.S.C. § 506(c)

CHRISTOPHER M. KLEIN, Bankruptcy Judge.

Debtor's counsel seeks to force a secured creditor to pay $25,000 under 11 U.S.C. § 506(c) as expenses for preserving and disposing of property.[1]

### FINDINGS OF FACT

1. This voluntary chapter 11 case was filed on January 15, 1988. Debtor's primary asset was a motel that closed in December 1986. Voluntary Petition.

2. On January 4, 1988, a notice of sale of the motel under a deed of trust securing a $235,000 loan arranged through Marathon Home Loans ("Marathon" and "Marathon loan") was recorded, a notice of default having previously been recorded with respect to the Marathon loan.[2] Sale was scheduled to occur on the steps of the Yolo County Courthouse on January 27, 1988. Order Approving Lien–Free Sale Of Property, Exhibit B (March 6, 1989).

3. The Marathon loan was in second position behind a deed of trust securing a $92,050 loan made by Norman and Rosa-

---

1. In addition, counsel seeks an interim award of fees, which is being dealt with in a separate memorandum and order.

2. A number of individuals actually own the beneficial interests in the note and deed of trust. Marathon was in the business of arranging loans secured by deeds of trust on behalf of individual investors and acting as the loan servicing agent. Although the loan was made by the individual investors, for ease of reference it is referred to as the "Marathon loan," without in any way determining the legal relationships among Marathon and the various beneficiaries of the deed of trust in question.

mond Wicks ("Wicks loan"). As of the time of the filing of the case, neither a notice of default nor a notice of sale had been recorded with respect to the Wicks loan. Order Approving Lien–Free Sale Of Property, Exhibit B (March 6, 1989).

4. Debtor's primary activity during the first year of the case was an effort to market the property for an asking price of $650,000. *E.g.,* Order Approving Employment Of Real Estate Broker (Nov. 4, 1988).

6. On November 22, 1988, Wicks filed a Motion To Dismiss Chapter 11, Convert Case To Chapter 7, Or Appoint A Trustee. Debtor initially opposed the motion and then stipulated to relief from the automatic stay effective July 1, 1989, to permit foreclosure under the Wicks loan with the understanding that it would continue to attempt to sell the motel in the interim. Civil Minutes (Dec. 22, 1988); Order Terminating Automatic Stay (Feb. 28, 1989).

7. The motel was sold for $250,000 cash. Order Approving Lien–Free Sale Of Property (March 6, 1989).

## DISCUSSION

"Inversely ironic" was the way Marathon's counsel described it. This chapter 11 case was filed by the debtor as an attempt to forestall the foreclosure sale that Marathon had scheduled. The property ultimately was sold for a sum sufficient to pay only half of the Marathon loan. Now debtor's counsel wants Marathon to pay his fees.[3]

The issue is whether debtor's counsel's fees were reasonable, necessary costs and expenses of preserving, or disposing of, the motel in which Marathon had a security interest. 11 U.S.C. § 506(c).

It is plain that nothing that the debtor did in this case inured to the benefit of Marathon. Debtor's argument is premised upon a false representation of fact.

> Prior to filing its Petition For Rosamond Wicks [for Alice Gire?], the holder of the First Deed of Trust on the property was proceeding to foreclose on said property.

Neither holder of the Second Deed of Trust or any other encumbrance on the property had attempted to cure the default of the First.

Motion For Order Approving And Authorizing Payment Of Interim Compensation Of Attorney's Fees, at 3 (July 26, 1989).

Counsel has the facts backwards. It was Marathon that was proceeding to foreclosure prior to the filing of the petition. Rosamond Wicks, the holder of the first deed of trust, had filed no notice of default and had made no prebankruptcy move of record to proceed toward foreclosure. In other words, this bankruptcy case was filed for the purpose of stopping Marathon from foreclosing, and counsel, relying upon a misstatement of facts, proceeded to demand that Marathon pay him $25,000 for his efforts in forestalling the exercise of Marathon's rights.

The fact that during this bankruptcy debtor may have fended off Wicks' attempt to obtain relief from the automatic stay does not affect the analysis. Marathon always knew that it would have to deal with the holder of the first deed of trust. If anything, debtor's counsel introduced a detriment for Marathon by frustrating Marathon's foreclosure that would otherwise have occurred at a time that the senior secured creditor was quiescent.

The expenses are not reasonable and necessary costs of "preserving" the motel from secured creditors. No compensation is permitted for preserving Marathon's collateral by keeping it out of the control of Marathon. Marathon's foreclosure was at all pertinent times pending (but stayed due to debtor's actions).

Nor are they reasonable expenses of "disposing of" the motel. Marathon was prevented by debtor from obtaining title and disposing of the motel itself. Debtor cannot appropriate to itself the transaction costs of the sale. Such costs are neither reasonable nor necessary expenses of disposing of the motel. Debtor's argument is

---

**3.** This is not debtor's counsel's first foray to the fringe of section 506(c). *See Bear v. CoBen (In re Golden Plan of California, Inc.),* 829 F.2d 705 (9th Cir.1986).

so lacking in merit that it probably is sanctionable.[4]

### CONCLUSIONS OF LAW

The expenses incurred by the debtor (performing the duties of the trustee) were neither reasonable nor necessary. There was no benefit to the holders of the Marathon claim. Accordingly, the request for recovery under section 506(c) will be denied.

An appropriate order will issue.

---

**4.** I leave it to Marathon to decide whether to make an appropriate motion.